J-S08016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOHN THOMAS GIBBS, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LORIE A. FUNG | : : : : : : | |
| | : | No. 1314 MDA 2021 |

Appeal from the Order Entered September 28, 2021
In the Court of Common Pleas of York County Orphans' Court at No(s):
6719-1889

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: JUNE 16, 2022**

Appellant Lorie A. Fung appeals from the order overruling her objections to the first and final account of the estate of John Thomas Gibbs (the estate), deceased (Decedent).[1]  Appellant contends that the orphans' court erred when it failed to give priority to Appellant's claim for child-support arrears above claims from the estate's general creditors.  After review, we affirm.

The record reveals that Appellant and Decedent are the natural parents of a child (Child), who was born in November of 2015, and at that time, the family lived in Maryland.  Appellant and Decedent did not marry, and the couple were estranged beginning in 2016.  Appellant and Child remained in Maryland where Appellant obtained primary physical and legal custody of

_____

[1] The September 28, 2021 order determined the status of an estate's creditors.  Accordingly, Appellant's appeal from that order is properly before this Court.  *See* Pa.R.A.P. 342(a)(5).

Child.[2]  The Maryland court also ordered Decedent to pay child support. Decedent died intestate in York County, Pennsylvania on October 24, 2019. At the time of his death, Decedent's child support obligation was in arrears in the amount of $11,718.75.  Appellant's Claim Against Estate, 12/30/19.

On December 2, 2019, the York County Register of Wills granted letters of administration to Decedent's parents, Richard G. Gibbs and Alison E. Gibbs as co-administrators of Decedent's estate (the co-administrators).  On December 30, 2019, Appellant filed a claim against the estate in the amount of $11,718.75, seeking payment of the child support arrearages.  Appellant's Claim Against Estate, 12/30/19.

On July 23, 2021, the co-administrator's filed a proposed first and final account and proposed statement of distribution in the orphans' court.  On August 11, 2021, Appellant filed objections asserting that the child support arrearages should have priority over the estate's general creditors.  On September 28, 2021, the orphans' court overruled Appellant's objections and approved the distribution.  Order, 9/28/21.  The orphans' court concluded that Decedent's child support arrearages were a personal debt, and therefore a general debt of the estate under 20 Pa.C.S. § 3392(6).  **See** Orphans' Ct. Op., 11/3/21, at 1-2 (unpaginated). The orphans' court subsequently denied Appellant's motion for reconsideration, and Appellant filed a timely appeal.

---

[2] Circuit Court of Carroll County, MD, Case No. 06-C-16-072626.

On October 18, 2021, the orphans' court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied, and the orphans' court filed its Rule 1925(a) opinion on November 3, 2021.

On appeal, Appellant presents the following issue:

> In an insolvent estate should child support arrears owed by the decedent from an out-of-state court order be afforded priority of payment over other claims against the estate?

Appellant's Brief at 2.

The applicable standard of review is as follows:

> Our standard of review of an orphans' court's decision is deferential. When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law.

*Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 281-82 (Pa. Super. 2015) (quotation and citations omitted). In circumstances where the estate is insolvent, 20 Pa.C.S. § 3392 applies and provides as follows:

> If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:
>
> (1) The costs of administration.
>
> (2) The family exemption.

(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, of services provided under the medical assistance program provided within that time and of services performed for him by any of his employees within that time.

(4) The cost of a gravemarker.

(5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.

(5.1) Claims by the Commonwealth and the political subdivisions of the Commonwealth.

(6) All other claims.

20 Pa.C.S. § 3392.  When an individual dies owing child support, our Supreme Court has held "in the absence of a contract or an express provision in a judicial decree (*e.g.*, divorce decree, child support order), that the duty to support minor children ends at death."  ***Benson ex rel. Patterson v. Patterson***, 830 A.2d 966, 968 (Pa. 2003).[3]

Appellant argues that the orphans' court erred when it failed to give child support arrearages priority over general claims from the estate's creditors.  Appellant states that child support is a duty, and by extension, child support arrearages should be considered a duty as well.  Appellant's Brief at 6-7.  Appellant further contends that this "duty" to pay child support

_____

[3] A factor that distinguishes further application of **Patterson** to the case at bar is that in **Patterson**, the deceased father's estate was not insolvent, and the father's child support arrearages were paid in full from his estate. ***Id.*** at 967.  As such, Section 3392 concerning distribution of an insolvent estate was not implicated.

arrearages should apply even where the estate is insolvent. ***Id.*** at 10. Appellant acknowledges that Section 3392 guides the distribution of an insolvent estate, however, she reiterates her claim that child support arrearages should take priority over general claims. ***Id.*** at 10-11. Finally, Appellant cites to the Uniform Interstate Family Support Act, 23 Pa.C.S. §§ 7101-7903, which established, among other things, interstate cooperation for the enforcement of support orders. ***Id.*** at 10-12. On this basis, Appellant alleges that the child support arrearages are a debt owed to the Commonwealth of Pennsylvania and have priority pursuant to 20 Pa.C.S. § 3392(5.1). ***Id.*** at 11.

In contrast, Appellee asserts that there is no support for Appellant's argument. Although Decedent may have had an obligation to pay child support, the issue now is not Decedent's obligations. Appellees' Brief at 4-5. Rather, the issue is the distribution of an insolvent estate which Appellee asserts is undeniably governed by Section 3392. ***Id.*** at 3-5. Appellee contends that there is no merit or support for Appellant's claim that Decedent's child support arrearages are a debt owed to Pennsylvania as opposed to personal debt. ***Id.*** at 4-5. As such, Section 3392(5.1) is not applicable. ***Id.*** at 5. Appellee concludes that the orphans' court was correct when it found that Section 3392(6) applies and establishes that Appellant's claim is a general claim. ***Id.***

In the case at bar, the record does not reflect, and Appellant does not argue, that there was any agreement between the parties or that the Maryland

support order contained provisions extending Decedent's support obligation after his death. ***See, e.g.,*** Appellant's Orphans' Court Brief, 9/17/21 (attachments, including the Consent Order, 8/16/17; Certificate of Arrearages, 5/25/20). Additionally, Appellant provides no authority for the proposition that the Uniform Interstate Family Support Act refashioned Decedent's child support arrearages into a debt owed to the Commonwealth of Pennsylvania and falling within Section 3392(5.1), as opposed to a personal debt under Section 3392(6). Moreover, although Appellant argues that she believes child support arrearages should have priority over general claims from an insolvent estate, we are aware of no such precedent, and Appellant provides no authority for her position.

On this record, we discern no error of law or abuse of discretion in the orphans' court's order. ***See Sacchetti***, 128 A.3d at 281-82. Indeed, we conclude that the orphans' court committed no error in applying Section 3392(6). We note that the orphans' court was cognizant that Appellant was arguing that "public policy" should prioritize child support obligations above other debts owed by an estate. Orphans' Ct. Op., 11/3/21, at 1 (unpaginated). However, we agree with the orphans' court that Appellant failed to cite any authority for this position. ***Id.***

After review, we are not unsympathetic to Appellant's claims, and we understand the purpose of Appellant's argument. However, as stated, there is no case law or statutory authority supporting Appellant's position. For the reasons set forth above, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2022